# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT, COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:08 CV 195 RWS |
| DANUSER PAINTING COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Painters District Council No. 2, et al.'s motion for a creditor's bill in equity and to pierce the corporate veil of Danuser Painting Company. Plaintiffs wish to reach the assets of Renee and Robert Danuser in order to satisfy a consent judgment they entered with Danuser Painting. For the reasons stated below, I will deny Plaintiffs' motion.

*Background*

Plaintiffs Painters District Council No. 2, Daniel Hanson, David Doerr, Joseph Schallert, Randy Freese, Michael Smith, Joseph Keipp, Richard Broeker, Tim Wies, Daniel Melchior, Fred Phillipp, Jr, Painters District Council No. 2 Pension Trust, Painters District Council No. 2 Welfare Trust, Painters District Council No. 2 Vacation Trust, Painters District Council No. 2 Apprenticeship and

Journeyman Training Trust, Kevin Kenny, Gene Kappler, William Boevingloh, Donald Thomas, Daniel Wienstroer, and Edward Smith (collectively "Painters") filed this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and the Labor Relations Management Act, 29 U.S.C. §§ 141 *et seq.* ("LMRA") to recover required contributions and dues.  Defendant Danuser Painting Company was a Missouri corporation bound by a collective bargaining agreement with Painters. On May 13, 2009, the parties entered a consent judgment requiring Danuser Painting to pay Painters $34,900.35 plus interest.  Danuser Painting has failed to make the required payments under the agreement.

On September 2, 2009, Danuser Painting was "administratively dissolved for failure to file a correct and current annual report."  The most recent Annual Report filed with the Missouri Secretary of State lists Renee Danuser as Danuser Painting's president and sole officer.  Painters have asked me to pierce the corporate veil to allow them to recover the remaining portion of their judgment against Danuser Painting from Renee Danuser and her husband, Robert Danuser.

*Discussion*

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993). The Eighth Circuit has "recognized the availability of the creditor's bill in equity under Missouri law." Id. "A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." Shockley v. Harry Sander Realty Co., Inc., 771 S.W.2d 922, 925 (Mo. Ct. App. 1989) (citing United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979). Under Missouri law, a creditor's bill in equity "enables a judgment creditor to trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services." H.H. Robertson Co., 994 F.2d at 477. The Missouri alter ego standard applies to such claims. Id.

A party may hold an individual personally liable for what are deemed vicarious acts of the corporation by piercing the corporate veil. Dwyer v. ING Inv. Co., Inc., 889 S.W.2d 902, 904 (Mo. Ct. App. 1994). To pierce the corporate veil under Missouri law and recover from the assets of an alter ego, a creditor must

demonstrate three things. First, the creditor must prove the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Mgmt. Sys., Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 188 (Mo. Ct. App. 2005). The necessary control is not "mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own." Id. Second, the creditor must show that the defendant's used its control to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights. Mobius Mgmt. Sys., 175 S.W.3d at 188–89. Finally, the creditor must prove that the defendant's control and breach of duty was the proximate cause of the plaintiff's injury. Id.

Although Painters have established that Renee Danuser was Danuser Painting's only officer listed with the Secretary of State, Painters have not shown that Danuser Painting lacked a "separate mind, will or existence of its own." See East Attucks Cmty. Housing, Inc. v. Old Republic Sur. Co., 114 S.W.3d 311, 324 (Mo. App. Ct. 2003). The limited record here does not establish that the consent judgment between Painters and Danuser Painting was fraudulently entered.

Painters have failed to present sufficient evidence to convince me that piercing the corporate veil is appropriate.

Moreover, it is not clear that Renee Danuser and Robert Danuser received sufficient notice of Painters' motion. Although there is no requirement that all creditor's bill garnishees be named as parties in the original action, garnishees should have sufficient notice of the judgment through the creditor's bill in equity. H.H. Robertson Co., 994 F.2d at 478; see Shockley, 771 S.W.2d at 925. In this case, there is no evidence in the record that Painters ever served Renee Danuser or Robert Danuser with notice of their motion. Mail addressed to Renee Danuser and Robert Danuser has been returned as undeliverable to this Court.

Although a creditor's bill can be brought by motion in the underlying lawsuit where judgment was originally obtained, it is also appropriate to bring it in a separate equitable action. Cf. Fleming Companies, Inc. v. Rich, 978 F. Supp. 1281, 1294 (E.D. Mo. 1997). Because there is no evidence Painters have served Renee Danuser and Robert Danuser with notice of their motion, Painters have not established they are entitled to relief, and the necessary discovery should be sought in a new and separate lawsuit, I will deny their motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Painters District Council No. 2, et al.'s motion for a creditor's bill in equity and to pierce the corporate veil of Defendant Danuser Painting Company [#22] is **DENIED.**

Dated this 26th day of April, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE